IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40320-TLS |
| | ) | |
| MICHAEL DEAN WARD and | ) | CH. 13 |
| BETTIE JAYNE WARD, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Lincoln, Nebraska, on June 27, 2007, on Debtors' Chapter 13 Plan (Fil. #4), and an Objection thereto by the Chapter 13 Trustee (Fil. #18). David P. Lepant appeared for Debtors, and Marilyn Abbott appeared for the Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

The only issue in dispute is whether Debtors are entitled to a Chapter 13 discharge under new 11 U.S.C. § 1328(f).

On November 26, 2003, Debtors filed their Chapter 13 petition in this Court (Case No. BK03-44048). Debtors' Chapter 13 plan was confirmed, Debtors performed under that plan, and on November 27, 2006, Debtors received their Chapter 13 discharge. Debtors filed the present Chapter 13 proceeding on February 20, 2007.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added § 1328(f) to the Bankruptcy Code. It provides as follows:

> [T]he court shall not grant a discharge of all debts provided for in the plan . . . if the debtor has received a discharge —
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

Debtors argue that since this new bankruptcy proceeding was filed more than two years after Debtors' prior bankruptcy was filed, Debtors are not prohibited from receiving a discharge under § 1328(f)(2). The Chapter 13 Trustee argues that since this new Chapter 13 case was filed within two years of the entry of the discharge in the prior Chapter 13 case, Debtors are not entitled to a discharge under § 1328(f)(2). Thus, the question presented to this Court is whether the discharge prohibition period of § 1328(f) commences upon the filing of the first case or upon the issuance of the discharge in the first case.

Thus far, the decisions addressing this issue have adopted the position that the prohibition period commences upon the filing of the first case as opposed to the entry of discharge in the first case. *See In re Gardner*, Case No. 06-56610 (Bankr. E.D. Mich. Feb. 7, 2007) (citing *In re Knighton*, 355 B.R. 922, 926 (Bankr. M.D. Ga. 2006); *see also In re West*, 352 B.R. 428, 487 (Bankr. E.D. Ark. 2006) (same); *McDow v. Sours (In re Sours)*, 350 B.R. 261, 269 (Bankr. E.D. Va. 2006) (same); *McDow v. Ratzlaff (In re Ratzlaff)*, 349 B.R. 443, 444 (Bankr. D.S.C. 2006) (same); *In re McGhee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) (same)).

Under that analysis, the discharge prohibition of § 1328(f)(2) applies only if the debtor received a discharge in a prior Chapter 13 case and that prior Chapter 13 case was filed within two years of the commencement of the present Chapter 13 case. Indeed, it would be a rare Chapter 13 case where the debtor is able to obtain a Chapter 13 discharge in less than two years.[1] The question is whether Congress was really intending its legislation to apply only to that obscure circumstance.

The legislative history of this new section sheds little light on this subject. It is found in the House Report No. 109-31(I), which provides that Section 312 of BAPCPA amends:

> [S]ection 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

H.R. Rep. No. 109-31(I), at 76 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 143.

So, despite the fact that subparagraphs (1) and (2) of § 1328(f) use identical operative language, the legislative history indicates that the prohibition period runs from entry of discharge in the prior case under § 1328(f)(1), while it runs from filing date of the prior case in § 1328(f)(2). Since the legislative history used both possible interpretations, it is impossible to discern what was really intended.

*Collier on Bankruptcy* noted the dilemma created by the fact that § 1328(f)(2) would rarely be applicable if it commenced on the filing date of the first case due to most Chapter 13 cases lasting at least three to five years, and stated:

> It might be suggested that Congress really intended that the four-year period run from the date of the discharge in the prior case, but such a reading of the subsection does violence to its plain language, which links the time period to the filing of the prior case in each subparagraph. Moreover, because chapter 7

---

[1] One such scenario would be the so-called hardship discharge under § 1328(b).

discharges are usually received within four or five months of the filing of the petition, such a reading would lead to a result under which a debtor could receive a discharge sooner after a chapter 7 case than after a chapter 13 case. Under such a reading, the debtor could receive a discharge within less than two and a half years after a chapter 7 case was filed, but typically not until five to seven years after a chapter 13 case was filed. That kind of reading would fly in the face of Congress' oft-expresses[sic] policy of encouraging chapter 13 rather than chapter 7, punishing only those who successfully completed chapter 13 plans and received a discharge.

8 Alan N. Resnick, *Collier on Bankruptcy* § 1328.06[2] (15th ed. rev.).

While *Collier* is not technically correct (a debtor would not be entitled to a Chapter 13 discharge in a new Chapter 13 case for at least four years after a Chapter 7 case was filed or discharged under either reading), one point is well taken. That is, the stated intent to encourage Chapter 13 rather than Chapter 7 relief. If the prohibition period of § 1328(f) begins running on the first case filing date, then a debtor who files a new Chapter 13 after completion of (and receipt of discharge in) a typical three- to five-year Chapter 13 plan would *not* have a discharge prohibition period under § 1328(f)(2). However, a debtor who obtained an atypical Chapter 13 discharge within the last two years (such as the hardship discharge under § 1328(b)) would have a prohibition period (two years), as would those filing under other chapters (four years).

With that in mind, the better interpretation of 11 U.S.C. § 1328(f) is that the discharge prohibition period begins running on the date the prior case is filed rather than the date of discharge. Therefore, the Chapter 13 Trustee's objection to confirmation is overruled and the plan may be confirmed.

Separate order will be entered.

DATED: July 3, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
 *David P. Lepant
 Marilyn Abbott/Kathleen Laughlin
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.